

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00400-CV

SOUTHWEST SURGICAL                                             APPELLANT
HOSPITAL

V.

LARRY G. BOWEN                                                APPELLEE

----------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 17-263139-13

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I respectfully dissent to the majority's holding that the expert report adequately addresses causation as to Southwest Surgical Hospital. For that reason, I would reverse the trial court's order and remand this case for the trial

---

[1]*See* Tex. R. App. P. 47.4.

court to consider whether to grant Bowen a thirty-day extension to cure the deficiency.

Section 74.351 requires that an expert report provide a fair summary of the expert's opinions regarding the causal relationship between the defendant's failure to meet the standard of care and the injury, harm, or damages claimed. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (West Supp. 2014); *Concentra Health Servs., Inc. v. Everly*, No. 02-08-00455-CV, 2010 WL 1267775, at *10 & n.44 (Tex. App.—Fort Worth Apr. 1, 2010, no pet.) (mem. op.). To do this, the report must not be conclusory in its explanation of causation. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). The expert report need not present evidence as if the plaintiff was actually litigating the merits. *See id.* at 52–53; *Am. Transitional Care Ctrs. Of Tex., Inc v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001). And no magic words such as "reasonable medical probability" are required for compliance. *Bowie Mem'l Hosp.*, 79 S.W.3d at 53. Nevertheless, the report must provide enough information within the document to both inform the defendant of the specific conduct at issue and to allow the trial court to conclude that the suit has merit. *Id.* at 52.

Dr. Van Wyk opines in his report that if the Hospital had followed up with Bowen, it would have learned of his post-operative complaints and notified Dr. Ray more quickly of Bowen's serious complications. But as Dr. Van Wyk also recognizes in the report, Bowen followed up with Dr. Ray only a few days after the surgery; according to Dr. Van Wyk, Dr. Ray either failed to recognize, or

covered up, the import of Bowen's complaints. Dr. Van Wyk does not say what else the Hospital should have done to ensure that Bowen would have received immediate surgical repair of the problem if it had known that he was having these complaints. Likewise, Dr. Van Wyk does not state what, if anything, the Hospital should have done regarding the lack of documentation of Dr. Ray's qualifications to perform the specific surgery. For example, he does not say that Dr. Ray was unqualified to perform this particular type of surgery, that the Hospital should have required him to provide documentation of his qualifications to perform the surgery, and that it should have prohibited him from performing the surgery without such documented qualifications. Although a generous reading of the report indicates that Dr. Van Wyk faults the Hospital for not ensuring that Dr. Ray had the necessary qualifications to perform the surgery in the first place, Dr. Van Wyk does not explain how *the Hospital's* breach of this standard of care caused Bowen's injuries. I would therefore conclude and hold that the trial court abused its discretion by determining that the report constituted a good faith effort to articulate how the Hospital's breach of the standard of care caused Bowen's injuries. *See Foster v. Richardson*, 303 S.W.3d 833, 842 (Tex. App.—Fort Worth 2009, no pet.).

Accordingly, I would sustain the Hospital's third issue and remand the case to the trial court to consider a thirty-day extension. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c); *Leland v. Brandal*, 257 S.W.3d 204, 207 (Tex. 2008); *Tex. Health Harris Methodist Hosp. Fort Worth v. Biggers*, Nos. 02-12-00486-CV,

3

02-13-00040-CV, 2013 WL 5517887, at *8 (Tex. App.—Fort Worth Oct. 3, 2013, no pet.) (mem. op.).

/s/ Terrie Livingston
TERRIE LIVINGSTON
CHIEF JUSTICE

DELIVERED:  September 4, 2014